[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff Wetzel commenced this action against the defendant, Winthrop Corporation (Winthrop), alleging that Winthrop had wrongfully denied him payments allegedly due from the Winthrop Officers' Retirement Bonus Program (Program). On consent, the matter was referred to an Attorney Trial Referee (ATR) pursuant to General Statutes § 52-434
and Practice Book § 19-2A.
Following a hearing of the case before the ATR on September 12, 2000, and submission of post-hearing briefs by the parties, the ATR filed his report on December 21, 2000. Wetzel objected to the ATR's report on December 29, 2000, and the matter was heard by this court on January 16, 2001.
At the outset, the court notes that as of January 1, 2001, a party objecting to an ATR report must file a transcript. Practice Book §19-14. No transcript was filed with the objection, but since the objection was filed before 2001, this is not grounds per se for overruling the objection. But see Meadows v. Higgins, 249 Conn. 155, 170
n. 10 (1999) (in the absence of a transcript it may be "impossible" to ascertain whether there is support for the ATR's findings of fact). In this case, Wetzel has stated there are no facts in dispute and contends that the ATR did not interpret the Program provisions correctly.
 I THE ATTORNEY TRIAL REFEREE'S REPORT 
The ATR filed a thorough report that was both carefully written and carefully reasoned. In essence, the ATR found that the Program provided benefits to Winthrop officers upon an officer's retirement at age sixty-five or such other date, but not earlier than age sixty, as may be mutually agreed upon by Winthrop and the officer. The ATR further found that the Program provided that no officer had any vested interest in the Program and an officer's participation ended upon termination of employment by Winthrop. These findings have support in the exhibits admitted at the hearing.
Further facts found by the ATR and not disputed by Wetzel are: (1) Wetzel was hired by Winthrop in 1992 and promoted to vice president on January 19, 1994, at which time he became a participant in the Program; (2) Wetzel's employment was terminated by Winthrop on October 24, 1997, when Wetzel was sixty years old, and upon termination, he was paid CT Page 4727 fifty-five days worth of severance pay and additional sums; and (4) Winthrop did not agree to pay Wetzel any benefits under the Program.
The ATR determined that Wetzel was not entitled to any payment from the Program because he did not retire, had not reached age sixty-five at the time his employment was terminated, and there was no agreement with Winthrop as to any payment from the Program. The ATR based his determination on the terms of the Program, which stated that benefits will be paid based on compensation earned by the officer for the ten years prior to becoming an officer and "until (a) retirement at age 65 or such earlier or later age, but not earlier than age 60, as may be mutually agreed upon by the Company and the Officer or (b) termination of employment by reason of disability or death." The ATR determined that in order to receive benefits from the Program, an officer must retire at age sixty-five unless the officer and Winthrop agreed otherwise.
The thrust of Wetzel's objection is that the ATR misinterpreted the provisions of the Program. Wetzel contends that once an officer reaches age sixty and is terminated, voluntarily or involuntarily, he is entitled to the Program benefits. This position, however, ignores the concept repeatedly stated in the Program provisions that the benefit is earned on retirement at age sixty-five, unless there is an agreement with the company. Wetzel contends that termination of employment should equate with retirement. That argument flies in the face of the usual definition of retirement of having concluded one's working life. It is also contrary to the express provision of the Program that no officer shall participate in the Program after "termination of employment by the Company for cause or without cause."
With no material facts at issue, the court concludes that the ATR correctly interpreted and applied the terms of the Program.
 II CONCLUSION 
The court finds the ATR's report complete and that its recommendation that the court find for the defendant is correct. Judgment is entered for the defendant dismissing the complaint.
Adams, J.